No. 16-70027

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

MELISSA ELIZABETH LUCIO,
Petitioner-Appellant,

v.

LORIE DAVIS, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
Respondent-Appellee.

On Application for Certificate of Appealability from the
United States District Court for the Southern District of Texas
Brownsville Division

**PETITIONER'S UNOPPOSED MOTION TO APPOINT CO-COUNSEL
(RESUBMITTED)**

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT
OF APPEALS FOR THE FIFTH CIRCUIT:

NOW COMES Petitioner, Melissa Elizabeth Lucio ("Lucio"), by and through undersigned counsel, and in accordance with 28 U.S.C. § 3599(a)(2), moves this Court to appoint the Federal Public Defender for the Western District of Texas, Capital Habeas Unit ("CHU") as co-counsel. This motion is unopposed.

Lucio states the following as good cause for granting this Motion:

**A. Relevant procedural history**.

This is a capital habeas matter from the United States District Court for the Southern District of Texas, currently before this Court on application to authorize an appeal from the "Memorandum Opinion and Order" and "Final Judgment" of the district court, granting Respondent's motion for summary judgment, denying Lucio's "Petition for Writ of Habeas Corpus," and denying a certificate of appealability ("COA") on all claims, entered in the district court on September 28, 2016. [ROA.513-577 (Memorandum and Order); ROA.578 (Final Judgment)].

On May 17, 2017, Lucio, through former court-appointed counsel Margaret Schmucker, filed her initial application for a COA in this Court. Respondent filed her brief in opposition on July 17, 2017. On August 9, 2017, the case was placed in abeyance.

Undersigned counsel was appointed by this Court to represent Lucio on January 9, 2018, replacing former counsel, and was given 60 days, or until March 12, 2018, to file a supplemental COA application. At the time of the appointment, undersigned counsel had no prior involvement with the case. On March 5, 2018, this Court granted a motion to extend the time to file the supplemental COA application to April 11, 2018.

On March 19, 2018, undersigned counsel filed a motion to appoint the Western District of Texas Federal Public Defender, Capital Habeas Unit ("CHU") as co-counsel. Respondent opposed the motion as undersigned counsel indicated an extension of time would be requested.

On March 22, 2018, this Court issued an order denying the motion in its then-current form for several reasons: (1) because "nowhere in the motion is there any reference to the amount of time needed or any request for additional time;" (2) the Court's concern that the joinder of the CHU would be a strategy to "request additional time" due to the initial motion's statement that "the Unit cannot be prepared to litigate Ms. Lucio's appeal under the current schedule;" and (3) because "open-ended and never-ending delays are inappropriate in any case." Order of March 22, 2018 at 2. The motion was denied "without prejudice to its refiling." *Id*. at 3.

Undersigned counsel apologizes for the vagueness and open-ended nature of the initial motion and re-submits it, hopefully addressing the Court's concerns. To that end, a motion for a 30-day extension of time to file the supplemental COA application is being submitted concurrently with this motion, which makes clear that whether or not this motion is granted, no further extensions of time will be requested.

**B. Need for the appointment of co-counsel.**

Recently, Tivon Schardl, Supervising Assistant Federal Public Defender in the Austin, Texas office of the CHU, informed undersigned counsel that the CHU could join this case as co-counsel.

This matter is complex and has a very extensive record. The Electronic Record on Appeal (EROA) in this Court is 7,767 pages in length. However, both parties have recognized that "significant portions of these [state court] records are missing from the Record on Appeal." (Respondent's Brief in Opposition to COA, at 2 n.1.) Necessary preparation has entailed the following tasks: (1) obtaining files and documents from former counsel; (2) reviewing and summarizing a lengthy trial transcript, the record on appeal, and lengthy state court records not in the EROA but obtained from former counsel; (3) conducting extensive correspondence with a new client; (4) reading and reviewing a lengthy federal district court petition and respondent's brief, and; (5) reviewing the briefs previously filed in this Court. The Child Protective Services records that undersigned received from former counsel occupy nine large banker's boxes. Given what has been learned about this case since appointment in January, a further extension of time would have been requested without the appointment of co-counsel. The appointment of the CHU can only help in the filing of a quality

supplemental application within the minimal extension of time being sought in the accompanying motion.

It is anticipated that this case will require extensive record review and follow-up going forward, particularly given that appointment under 18 U.S.C. § 3599 requires counsel to continue the representation at all stages of the litigation process, including clemency and related proceedings leading up to an execution.

It has become apparent since receipt and review of some of these records that additional counsel will facilitate this litigation process. For instance, since state habeas counsel was also federal habeas counsel, the entire record has been under review in order to identify possible issues of trial counsel ineffectiveness that were not raised either in state habeas or in district court in federal habeas proceedings. *See Martinez v. Ryan,* 132 S. Ct. 1309 (2012); *Trevino v. Thaler,* 133 S. Ct. 1911 (2013); *cf. Christeson v. Roper*, 574 U.S. ___, 135 S. Ct. 891, 894 (2015). It is believed that, going forward, the appointment of the CHU will greatly assist in these tasks.

Capital habeas litigation is exceptionally challenging and requires specialized knowledge and experience. *See, e.g.,* 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994) (noting that "this Court's death

penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)). The purpose of § 3599 is "to enhance representation in capital cases," *Martel v. Clair*, 545 U.S. 648, 661 (2010), based on Congress's determination "'that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty.'" *Christeson*, *supra*, 135 S. Ct. at 893 (quoting *McFarland*, 512 U.S. at 859). Accordingly, Congress has provided that indigent capital habeas petitioners must be represented by at least one attorney qualified by training and experience to handle such a case, and, in most cases, should be represented by more than one attorney. 18 U.S.C. § 3599(a)(1)(B).

On May 17, 2017, this Court approved the establishment of a CHU for the Western District of Texas. Capital Habeas Units provide federal courts with a consistent source of counsel, investigators, mitigation specialists, and para-legals who possess the specialized training and experience demanded in federal habeas corpus cases that involve death judgments. In approving the Western District CHU, the Court specified that it would "represent capital habeas petitioners in federal courts state-wide, including Southern and Eastern Districts of Texas." Letter from Kyle M. Boudreau, Asst. Cir. Exec., to Cait T. Clark, Chief, Defender Services Division, dated May 17, 2017.

As evidenced by his selection as the supervising attorney of the Western District CHU, Mr. Schardl is well-qualified by training and experience to represent Ms. Lucio in these proceedings. His office is in the process of hiring additional well-qualified counsel experienced in Texas capital habeas corpus matters.

**C. If approved, this appointment will not result in any additional delay.**

As indicated herein, and in the accompanying motion for a 30-day extension of time to file the supplemental COA application, the appointment of the CHU will not result in any additional delay. This requested extension of time is necessary and would have been requested with or without the appointment of co-counsel. This should address and alleviate the Court's concerns expressed in the March 22, 2018 order regarding the initial request. The amount of time needed is now specified (30 days); the concern that the joinder of the CHU would be a gateway to request additional time is no longer an issue as no further extensions will be requested; and the delays are not open-ended. Undersigned counsel has been appointed in this matter for less than three months, with no prior familiarity with the case, and at least some of the delay in this matter was due to the substitution of attorneys for Lucio.

Counsel for Respondent ("the Director"), Ms. Jennifer Morris, was contacted via e-mail, as a courtesy, to see if they opposed this motion. Counsel

indicated on March 27, 2018, that her office was unopposed to both this motion and the accompanying extension of time request.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Movant requests this Court grant this Motion and appoint the Western District of Texas CHU with the provision that the CHU will act as co-counsel, with Mr. Richard Ellis remaining as counsel for Ms. Lucio, and with the understanding that **no further extensions of time to file the supplemental COA application beyond May 11, 2018 will be requested or granted.**

Dated: March 27, 2018.

        Respectfully submitted,

        *s/ A. Richard Ellis*

        _____
        A. RICHARD ELLIS
        Attorney at Law
        Texas Bar No. 06560400
        75 Magee Ave.
        Mill Valley, CA 94941
        (415) 389-6771
        Attorney for Petitioner/Appellant

        MAUREEN SCOTT FRANCO
        Federal Public Defender

      */s/ Tivon Schardl*
      TIVON SCHARDL
      Supervisory Asst. Federal Public Defender
      Capital Habeas Unit
      504 Lavaca Street, Ste. 960
      Austin, Texas 78701
      (512) 916-5025
      (512) 916-5035 (FAX)
      Bar Number: Florida 73016

## CERTIFICATE OF CONFERENCE

As indicated *supra*, on March 27, 2018, undersigned counsel conferred via e-mail with counsel of record for the Director, Ms. Jennifer W. Morris, of the Office of the Attorney-General of Texas, who indicated that she was unopposed to this motion and to the accompanying motion for an extension of time to file the supplemental COA application.

    *s/ A. Richard Ellis*
    _____
    A. RICHARD ELLIS
    Attorney for Petitioner-Appellant Melissa Elizabeth Lucio

# CERTIFICATE OF SERVICE

I, A. Richard Ellis, attorney for Petitioner-Appellant Melissa Elizabeth Lucio, do hereby certify that a true and correct copy of the above and foregoing **Petitioner's Unopposed Motion to Appoint Co-Counsel (Resubmitted)** has been served on counsel of record for Respondent:

  Ms. Jennifer Wren Morris
  Attorney General for the State of Texas
  P.O. Box 12548 Capitol Station
  Austin, TX 78711-2548
  jennifer.morris@oag.texas.gov

by e-filing it using the electronic filing system of the Fifth Circuit Court of Appeals this 27th of March, 2018.


       *s/ A. Richard Ellis*
       _____
       A. RICHARD ELLIS
       Attorney for Petitioner-Appellant Melissa Lucio